UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRESS AND LOPRESTO ARCHITECTS, LLC | CIVIL ACTION |
| VERSUS | NO. 15-4593 |
| GOLDWELL INVESTMENTS, INC. ET AL. | SECTION A(4) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 20)** filed by Defendants Blue Moon Enterprises, LLC ("Blue Moon"), Goldwell Investments, Inc. ("Goldwell"), Mark Morad, and Orleans Jazz'n Blues Venue, Inc. ("Orleans Jazz"). Plaintiff opposes the motion. The motion, set for submission on January 13, 2016, is before the Court on the briefs without oral argument.

Plaintiff, as the architect for a construction project, has filed an action pursuant to the Louisiana Private Works Act to enforce its lien rights on certain property. In the instant motion, Movants argue that Plaintiff has improperly named certain defendants in this action. Movants assert that Blue Moon and Orleans Jazz'n Blues were improperly named because neither entity ever owned the property. Movants assert that Goldwell was improperly named because it no longer owns the property. Lastly, Movants assert that Mark Morad was improperly named because he never owned the property in his individual capacity.

In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 680).

The Louisiana Private Works Act (LPWA) grants contractors, laborers, sellers, and others a privilege on an immovable to secure the price of their work. LSA–R.S. 9:4801 et seq.; *Norman H. Voelkel Const., Inc. v. Recorder of Mortgages for East Baton Rouge Parish*, 859 So.2d 9, 10 (La. App. 1st Cir. 2003). Section 9:4801(5) of the Act grants a privilege on an immovable for architects "employed by the owner, for the price of professional services rendered in connection with a work that is undertaken by the owner." LSA–R.S. 9:4801(5). The Act defines "owner" as "[a]n owner, co-owner, naked owner, owner of a predial or personal servitude, possessor, lessee, or other person owning or having the right to the use or enjoyment of an immovable or having an interest therein." LSA–R.S. 9:4806(A).

In light of this statutory background, the Court finds that Plaintiff has stated a claim for relief against each of the Movants. The Court agrees with Plaintiff that the definition of "owner" contemplates that multiple persons or entities can be owners of the same property for purposes of a LPWA claim. The Court finds that Plaintiff's factual allegations rise above mere speculation and that

each of the Movants could fall within the definition of "owner" under the LPWA. Regarding Goldwell, Plaintiff asserts that Movants acknowledge in their answer "that Goldwell, as initial owner of the property, entered into an oral contract with Plaintiff to provide architectural services." (Rec. Doc. 18 at 4). Regarding Orleans Jazz and Mark Morad, Plaintiff points to an affidavit filed by DiMaggio Electronic Systems, LLC, stating that the company "sold and delivered and installed a fire alarm system for the benefit of Orleans Jazz 'N Blues Venue, Inc. . . . and Mark Morad . . . , as owners of the property located at 3629 Prytania Street, New Orleans, Louisiana, 70125 . . . ." (Rec. Doc. 26-3 at 1). This evidence suggests that Orleans Jazz and Morad acted as owners of the property. Regarding Blue Moon, Plaintiff asserts that it "was directed to and did invoice Blue Moon for the architectural services it performed on the immovable property." (Rec. Doc. 26, Rec. Doc. 26-2).

Accordingly;

**IT IS ORDERED** that **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 20)** is **DENIED**.

January 29, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3