UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESS AND LOPRESTO ARCHITECTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-4593** |
| **GOLDWELL INVESTMENTS, INC., ET AL** | **SECTION: "A" (4)** |

<u>ORDER AND REASONS</u>

Before the Court is a **Motion for Leave to File Supplemental and Amended Complaint for Concursus (R. Doc. 50)** filed by the Plaintiff, Cress and Lopresto Architects, LLC, seeking permission from the Court to file a supplemental and amended complaint. The motion was not opposed. The motion was submitted on March 8, 2016.

I.     <u>Background</u>

This complaint for concursus (interpleader) to enforce a lien and breach of contract was filed in the District Court on September 21, 2015 by Plaintiff Cress and Lopresto Architects, LLC ("CLA"). R. Doc. 1. This action was brought under Louisiana Revised Statute 37:701(H) as well as 28 U.S.C. § 2410 seeking to enforce a lien. *Id.* at p. 2-3. CLA was engaged by one or more of the Owner Defendants—Goldwell Investments, Inc. ("Goldwell"), Trimark Realty, Inc. ("Trimark"), Blue Moon Enterprises, LLC ("Blue Moon"), Orleans Jazz 'N Blues Venue, Inc. ("Orleans Jazz"), and Mark Morad—to design and provide architectural services in connection with the construction of the "Checkered Parrot Restaurant," *Id.* at p. 3. CLA performed the services agreed upon, and, despite amicable demand, $121,233.43 allegedly remains due and owing to CLA. On September 23, 2014, CLA filed an "Architect's Lien and Privilege Affidavit" in Orleans Parish and on September 9, 2015 filed an "Amended Architect's Lien and Privilege Affidavit." *Id.* at p. 4. During 2014, the United States of America through the Internal Revenue Service also

recorded two liens on the property. *Id.* at p. 4. In 2015, both Five Star Builders, LLC as well as Dimaggio Electronic Systems, LLC also recorded liens on the property. *Id.* at p. 5.

As such, CLA filed the instant concursus/interpleader action to determine, rank, and enforce the liens filed against the property. *Id.* Alternatively, CLA asserts a breach of contract claim against the Owner Defendants. *Id.*

At this time, CLA has moved to file a supplemental and amended complaint for concursus. R. Doc. 50. On January 10, 2017, CLA became aware of an alleged transfer of the property at issue via a *dation en paiement*. R. Doc. 50-3, p. 6. The *dation en paiement* allegedly provided for the transfer of the property at issue to The Millennium Group, I, LLC ("Millennium") from Trimark, through its treasurer P.J. Young on October of 2015. *Id.* at p. 3. CLA argues that this supposed transfer occurred despite misrepresentations by Trimark that it's still owned the property. As such, after learning of this alleged transfer, CLA filed the instant motion on January 13, 2017 seeking to add Millennium as a party to this concursus/interpleader action.

## II.    <u>Standard of Review</u>

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

.    "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d

987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III.    Analysis

Here, the Plaintiff seeks leave to file a supplemental and amended complaint. In particular, the Plaintiffs first wish to add Millenium as a party to this concursus/interpleader action.

### A.  Rule 16(b)

As an initial matter, the Court notes that the District Court has previously set a deadline for the amendment of pleadings on July 11, 2016. R. Doc. 44. As such, the instant motion would be governed by Federal Rule of Civil Procedure Rule 16(b). *S & W Enterprises*, 315 F.3d at 536. Here, the Court finds that good cause exists as to the amendments. First, the Plaintiffs have explained that the reason for the amendment at this time is because it only learned of the supposed transfer of the property on January 20, 2017. R. Doc.50-3, p. 6. Second, the amendments is of relative importance given that the nature of the case at issue is to determine potential payment to CLA via potential the sale and seizure of the property that Millennium may now own.

Finally, the Court finds that there would be no potential prejudice to allowing the amendment. Certainly, none of the parties have opposed the instant motion, which signals to the Court that the Parties do not believe the amendment will cause prejudice. Moreover, while trial has been set for May 22, 2017 (R. Doc. 44), there is still a month left for discovery and over two months until trial. The Court notes that given the current trial date further continuances as necessary to allow for discovery would not unnecessarily delay the trial.  As such, the Court finds that there is good cause to allow the amendment.

### B.  Rule 15(a)

Once the movant has demonstrated good cause to meet the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a). As an initial matter, the Court notes that there is no evidence that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted). Nor does the Court believe the amendment

would be futile. *Id.* Therefore, given that the motion is unopposed, that Rule 15 espouses a liberal standard, and that the Court sees no substantial reason to deny the motion, the Court grants the motion for leave to file a supplemental and amended complaint.

**IV.**   **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Supplemental and Amended Complaint for Concursus (R. Doc. 50)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of March 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5