### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESS AND LOPRESTO ARCHITECTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-4593** |
| **GOLDWELL INVESTMENTS, INC., ET AL** | **SECTION: "A" (4)** |

### ORDER AND REASONS

Before the Court is a **Motion to Compel Deposition (R. Doc. 60)** filed by the United States of America and a **First Motion to Compel Depositions (R. Doc. 61)** filed by the Plaintiff, Cress and Lopresto Architects, LLC, seeking an order of the Court compelling the deposition of Mark Morad, Goldwell Investments, Inc., Trimark Realty, Inc., Orleans Jazz'N Blues Venue Inc., and Blue Moon Enterprises, LLC. Morad and the other defendants filed a response. R. Doc. 64. At this time, the Court believes that it has enough information to rule on the underlying motions. For the following reasons, the motions are **GRANTED**.

### I.    Background

This complaint for concursus (interpleader) to enforce a lien and breach of contract was filed in the District Court on September 21, 2015 by Plaintiff Cress and Lopresto Architects, LLC ("CLA"). R. Doc. 1. This action was brought under Louisiana Revised Statute 37:701(H) as well as 28 U.S.C. § 2410 seeking to enforce a lien. *Id.* at p. 2-3. CLA was engaged by one or more of the Owner Defendants—Goldwell Investments, Inc. ("Goldwell"), Trimark Realty, Inc. ("Trimark"), Blue Moon Enterprises, LLC ("Blue Moon"), Orleans Jazz 'N Blues Venue, Inc. ("Orleans Jazz"), and Mark Morad—to design and provide architectural services in connection with the construction of the "Checkered Parrot Restaurant," *Id.* at p. 3. CLA performed the services agreed upon, and, despite amicable demand, $121,233.43 allegedly remains due and owing to CLA. On September 23, 2014, CLA filed an "Architect's Lien and Privilege Affidavit" in Orleans Parish and on September 9, 2015 filed an "Amended Architect's Lien and Privilege Affidavit." *Id.*

1

at p. 4. During 2014, the United States of America through the Internal Revenue Service also recorded two liens on the property. *Id.* at p. 4. In 2015, both Five Star Builders, LLC as well as Dimaggio Electronic Systems, LLC also recorded liens on the property. *Id.* at p. 5.

As such, CLA filed the instant concursus/interpleader action to determine, rank, and enforce the liens filed against the property. *Id.* Alternatively, CLA asserts a breach of contract claim against the Owner Defendants. *Id.* On March 8, 2017, CLA filed a Supplemental and Amended Complaint adding The Millennium Group, I, LLC ("Millennium") as a defendant based on alleged transfer of the property at issue via a *dation en paiement*. R. Doc. 55.

At this time, the United States as well as CLA have each filed a motion to compel the depositions of Morad as well as Goldwell Investments, Inc., Trimark Realty, Inc., Orleans Jazz'N Blues Venue Inc., and Blue Moon Enterprises, LLC (collectively the "Morad Entities"). R. Doc. 60; R. Doc. 61. Both the United States and CLA each noticed the depositions of the Morad Entities for March 7, 2017. R. Doc. 60; R. Doc. 61. However, none of the noticed parties appeared for the deposition because Morad—acting under advise of his counsel in another criminal matter—was asserting a privilege under Fifth Amendment to the United States Consitution. R. Doc. 60-5, p. 1. Because Morad was the only or primary witness for the Morad Entities, those parties also did not appear for their depositions. *Id.* As such, the United States as well as CLA have filed the instant motions to compel the depositions of Morad and the Morad Entities.

Morad and the Morad Entities have filed a response to the motions to compel. R. Doc. 64. Morad states that he no longer has any objection to the depositions because he has been sentenced in his criminal case. *Id.* at p. 2; *see also United States of America v. Mark Morad*, No. 2:13-cr-00101, R. Doc. 799 (E.D. La. Mar. 28, 2017). Morad says that the only complication remaining is in the scheduling of the depositions because his counsel was uncertain when Morad would have to report to the Bureau of Prisons. R. Doc. 64, p. 2.

## II.    **Standard of Review**

Federal Rule of Civil Procedure 30 governs the requirements for depositions by oral examination, allowing a party to "depose any person, including a party, without leave of the court" except in certain cases where the parties have not stipulated to the deposition and if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(1)-(2).  Generally, notice for a deposition requires that the party requesting deposition "give reasonable written notice to every other party. . . . stat[ing] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The noticing party must also state the method to be used for recording the testimony. Fed. R. Civ. P. 30(b)(3).

Federal Rule of Civil Procedure 37 governs a party's failure to cooperate in discovery. Typically, a party may move for an order compelling discovery from a non-cooperating party under Rule 37(a) in certain circumstances. In particular, Rule 37(a)(3)(b)(i) allows a party to move to compel a discovery response where the deponent fails to properly answer a question asked during a deposition. Fed. R. Civ. P. 37(a)(3)(B)(i) (allowing motion to compel where "a deponent fails to answer a question asked under Rule 30").

In comparison, a party's failure to attend their own deposition is governed by Rule 37(d). Rule 37(d)(1)(A)(i) provides:

> A.  The court where action is pending may, on motion, order sanctions if:
>
> > i.    A party…fails, after being served proper notice, to appear for that person's deposition.

*See also Shumock v. Columbia/HCA Healthcare Corp.*, No. Civ.A. 99–1777, 1999 WL 102829, at *1 (E.D.L.A. Nov. 10, 1999). However, there has not requested the Court to impose Rule 37(d) sanctions in the instant motions.

### III.    Analysis

The United States as well as CLA have each filed a motion to compel the depositions of Morad as well as Goldwell Investments, Inc., Trimark Realty, Inc., Orleans Jazz'N Blues Venue Inc., and Blue Moon Enterprises, LLC. R. Doc. 60; R. Doc. 61. The prior objections to these depositions have resolved themselves, and Morad and the other Parties have no objection to these depositions taking place. R. Doc. 64. Given the forgoing as well as the undersigned's authority to compel the depositions under the Federal Rules of Civil Procedure, the Court grants the motions to compel.

Based on the Court's review of appropriate records, it appears that Morad is to report to the Bureau of Prisons on April 24, 2017. *United States of America v. Mark Morad*, No. 2:13-cr-00101, R. Doc. 799 at p. 2 (E.D. La. Mar. 28, 2017). As such, the Court will order that these depositions be completed no later than April 14, 2017.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Deposition (R. Doc. 60)** and **First Motion to Compel Depositions (R. Doc. 61)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Mark Morad, Goldwell Investments, Inc., Trimark Realty, Inc., Orleans Jazz'N Blues Venue Inc., and Blue Moon Enterprises, LLC are to appear for their respective depositions **no later than April 14, 2017.** The Parties are to work together in determining a mutually agreeable time before that date for the depositions.

New Orleans, Louisiana, this 4th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**